UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>TANYA S. CHUTKAN, *et al.*,<br><br>**Defendants.** | Civil Action No. 24-3470 (JEB) |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* lawsuit, Plaintiff John Doe seeks, first, a court declaration that President-elect Trump is constitutionally ineligible to serve as President and the Supreme Court's recent decision holding otherwise is "void"; and, second, an order requiring Defendants Judge Tanya Chutkan and Attorney General Merrick Garland to preserve and provide Plaintiff grand-jury materials and other documents so that he and other private citizens may "prosecute" President-elect Trump. See ECF No. 1 (Compl.) at 15–16. Plaintiff moves here to proceed pseudonymously on the ground that bringing this lawsuit will "expose [him] to retribution." ECF No. 2 (Mot.) at 2.

As Plaintiff has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

1

I.      **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

Plaintiff has not met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  Although Doe only discusses the second factor, the Court will address all five in turn.

The first factor strongly supports disclosure.  Nowhere in his Motion or Complaint does Plaintiff suggest that this lawsuit will touch on anything related to him, much less the kind of "sensitive and highly personal" information that can weigh in favor of pseudonymity, such as information related to "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors."  Id. at 326–27 (citation omitted).

Doe asserts that the second factor — which asks whether identification triggers "a risk of retaliatory physical or mental harm," id. at 326 (citation omitted) — weighs against disclosure because bringing this lawsuit will "expose" him to "retribution" from the President-elect's incoming Administration and its supporters.  See Mot. at 2.  Plaintiffs' claims, however, are "speculative and unsubstantiated."  John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (citation omitted).

To be sure, his Motion notes instances in which supporters of the President-elect have reportedly lashed out at those they perceived as a legal or political threat to the President-elect. See Mot. at 3.  Indeed, as the Motion partially points out, see id., both the Special Counsel who prosecuted the President-elect and the judge of this Court assigned to that case (whom the Plaintiff has made a putative Defendant here) had their homes "swatted."  Alan Feuer, Apparent "Swatting" Incidents Target Judge and Prosecutor in Trump Election Case, N.Y. Times (Jan. 8, 2024), https://perma.cc/8HTL-W3JW.

But Plaintiff's claims of impending retribution are ultimately too bare and attenuated. This case is a far cry from those in which the second factor has supported anonymity. Rather than offer "detailed declarations supported by [his] prior experiences" or those of others similarly situated, Doe v. PCAOB, No. 24-780, 2024 WL 3954189, at *2 (D.D.C. Aug. 2, 2024); see, e.g., Emp. #1 v. Dep't of Behav. Health, 694 F. Supp. 3d 110, 114–15 (D.D.C. 2023); Doe v. USCIS, No. 20-2500, 2020 WL 11232605, at *3 (D.D.C. Sept. 8, 2020); Bird v. Barr, No. 19-1581, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019), he invokes examples of Soviet and North Korean repression. See Mot. at 5–7. Because he provides no concrete basis upon which to conclude that this lawsuit might provoke retaliatory "physical or mental harm" from the President-elect's allies and supporters, In re Sealed Case, 971 F.3d at 326 (emphasis added) (citation omitted), his allegations are "conclusory" and therefore "must be rejected." Doe v. PCAOB, 2024 WL 3954189, at *2.

Because Plaintiff does not claim to be a minor, the third factor also supports disclosure. See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023). So, too, does the fourth factor. While anonymous litigation can be appropriate when a plaintiff sues the government seeking "individualized relief," Doe v. PCAOB, 2024 WL 3954189, at *3–4 (emphasis added), pseudonymity is disfavored when one sues the government seeking to "alter the operation of public law both as applied to [him] and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329. That is exactly what Plaintiff seeks to do here. Rather than vindicate his individual rights, see Compl. at 4 ("[Plaintiff] has no personal desire to pursue this matter."), he aims to remake large swaths of the American constitutional landscape. It is hard to imagine a case in which the "public interest in

4

open and transparent proceedings" would be more "intensified." In re Sealed Case, 971 F.3d at 329.

The fifth and final factor also weighs against granting the Motion. In his vituperative filings, Plaintiff "disparages" multiple "government employees," Doe v. Rogers, 2023 WL 1470007, at *3 (D.D.C. Feb. 2, 2023), including one of the Defendants. See Mot. at 3, 4. Pseudonymity therefore poses a distinct "risk of unfairness," In re Sealed Case, 971 F.3d at 327 (citation omitted), and "[t]his factor thus weighs in favor of disclosure." Doe v. Rogers, 2023 WL 1470007, at *3.

In sum, not only do the four factors that Plaintiff leaves unaddressed support disclosure, but so too does the one he focuses on. He "has not demonstrated a non-speculative risk of physical or mental harm sufficient to outweigh the strong public interest in knowing the identity of litigants." Doe v. DHS, 2022 WL 1210689, at *3 (D.D.C. Mar. 14, 2022).

**III. Conclusion**

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion for Leave to File Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, shall also file his [2] Motion on the public docket; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: December 17, 2024